UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAMONT MONTY TOBY JACOBS,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS *et al.*,

    Defendants.

Case No. C08-5327RBL/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
July 25, 2008**

    This proposed action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Plaintiff filed an incomplete motion to proceed *in forma pauperis* (Dkt # 1).  The clerk sent a letter to plaintiff informing him of the deficiencies, and he has not completed the application.  Plaintiff has failed to answer questions 2(b), 3, 4, and 6 in full (Dkt. # 2). The letter gave plaintiff until June 23, 2008, to cure defects in his original application.  Plaintiff filed a statement regarding his prison account, but failed to amend his application (Dkt # 3). Plaintiff is housed at the Auburn Correctional Facility in New York.

    Further, review of the complaint shows defendant to be attempting to sue "the music indersty

REPORT AND RECOMMENDATION- 1

[sic] company the Department of Corrections, State to State County to County." The basis for the claim is that the defendants "never visited me kidnaping and more charges." (Dkt. # 1, proposed complaint).

The court recommends the application to proceed *in forma pauperis* be denied. This recommendation is not based on plaintiff's assertion he has "trillions of dollars" in assets. See, (Dkt. # 1, application question 5). The Report and Recommendation is based on plaintiff's failure to complete the application. As this dismissal takes place prior to a grant of *in forma pauperis* status, plaintiff avoids a strike under the Prison Litigation Reform Act.

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). Plaintiff has not completed the proper forms. Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*. Plaintiff has not shown that is unable to pay the full filing fee to proceed with his lawsuit. The court should direct Mr. Jacobs to pay the filing fee within 30 days of the court's order, and if he fails to pay the filing fee the clerk should be directed to dismiss this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 25, 2008,** as noted in the caption.

DATED this 2 day of July, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2